UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH DECKER, | : | CIVIL NO: 3:17-CV-00254 |
| Plaintiff | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | (Chief Magistrate Judge Schwab) |
| WASHINGTON STATE and | : | |
| 9TH CIRCUIT COURT, | : | |
| Defendants | : | |

# REPORT AND RECOMMENDATION

**I. Introduction.**

After reviewing the complaint in this case in accordance with 28 U.S.C. § 1915(e)(2), we conclude that the complaint is frivolous. Thus, we recommend that the Court dismiss the complaint and close the case.

**II. Factual Background and Procedural History.**

The plaintiff, Joseph Decker, proceeding *pro se*, commenced this case by filing a complaint and a motion for leave to proceed *in forma pauperis*. From the caption of the complaint, it appears that Decker is naming the State of Washington and the United States Court of Appeals for the Ninth Circuit. In the body of the

complaint, he lists the defendant as "Washington State Gov @ Ag @ 9th Circuit Court." *Doc. 1* at 1.   The entire statement of Decker's claim reads:

> My name is Joseph Decker and I am a natural born citizen of these United States of America.   I am requesting the Court order a stay on the United States Court of Appeals of the Ninth Circuit Court Stay on travel ban, and request it temporarily be reinstated.   The Washington State Court does not speak on my behalf as a U.S. citizen.   I feel without this temporary travel ban our country is at risk from a non-citizen, and I believe that I am protected under the Constitutional right from birth since I am an American.   My concern is if one American gets harmed during this halt, who does the U.S. hold accountable?   Non-citizens have no rights under the U.S. Constitution.   We as Americans elect a President to run our country.   He is sworn to protect the United States of America, and there is case law that gives this authority to the President by Congress.   I respectfully ask the Court grant me my rights under the law because the state of Washington does not speak for me.   In highest regards[.]

*Doc. 1* at 3.   Decker attaches to his complaint Executive Order No. 13769, titled "Protecting the Nation From Foreign Terrorist Entry Into the United States," and signed by President Trump on January 27, 2017. *See* 82 Fed. Reg. 8977.

By a separate order, we granted Decker's application for leave to proceed *in forma pauperis*.   We now recommend that his complaint be dismissed.

**III. Discussion.**

28 U.S.C. § 1915(e)(2) provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal—
        (i) is frivolous or malicious
        (ii) fails to state a claim upon which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

Here, Decker is asking this court to overturn the Ninth Circuit's recent decision denying a stay pending appeal of the United States District Court for the Western District of Washington's order temporarily enjoining enforcement of Executive Order 13769. *Washington v. Trump*, No. 17-35105, 2017 WL 526497 (9th Cir. Feb. 9, 2017). But only the Ninth Circuit sitting *en banc* or the Supreme Court of the United States may overturn that decision. This court does not have jurisdiction to do so. Accordingly, we conclude that Decker's complaint asking this court to overturn a decision of the Ninth Circuit is frivolous.

## IV. Recommendation.

Based on the foregoing, it is recommended that the complaint be dismissed and that the case file be closed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.   Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.   The briefing requirements set forth in Local Rule 72.2 shall apply.   A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.   The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.   The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 14th day of February, 2017.

*S/Susan E. Schwab*
Susan E. Schwab
Chief United States Magistrate Judge
